**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CIVIL NO. 1:12CV308-FDW-DSC**

| | |
|---|---|
| SONYA T. RANKIN,  )<br>       Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>CAROLYN W. COLVIN,[1]  )<br>Commissioner of Social  )<br>Security Administration,  )<br>       Defendant.  )<br>_____ ) | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #9) and "Memorandum in Support ..." (document #10), both filed February 11, 2013; and Defendant's "Motion for Summary Judgment" (document #13) and "Memorandum in Support ..." (document #14), both filed May 9, 2013. On June 17, 2013, this case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.[2]

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be denied; that Defendant's Motion for Summary Judgment be granted; and that the Commissioner's decision be affirmed.

---

[1] Carolyn W. Colvin became Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin will be substituted for Michael J. Astrue as the Defendant in this matter. Pursuant to the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), no further action is necessary.

[2] Pursuant to the Pretrial Scheduling Order entered on December 12, 2012, this matter is ripe upon the filing of Defendant's Motion and Memorandum. See Document #8. Local Civil Rule 7.1 (E) clarifies that the briefing schedule applicable under Rule 7.1 does not apply in Social Security appeals.

1

# I. PROCEDURAL HISTORY

On August 26, 2008, Plaintiff filed an application for a period of disability and Social Security disability insurance benefits ("DIB") alleging that she was unable to work as of March 1, 2008. (Tr. 115-17).

Plaintiff's application was denied initially and upon reconsideration. Plaintiff subsequently requested a hearing which was held on July 27, 2010. (Tr. 35-52).

On September 9, 2010, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled. (Tr. 14-34). Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful activity between her alleged onset date of March 1, 2008 and March 31, 2010, the date she last met the insured status requirements of the Social Security Act. (Tr. 19).[3] The ALJ also found that Plaintiff suffered from coronary artery disease, status post myocardial infarction in 2002; history of ruptured left renal artery, status post nephrectomy; multiple abdominal aortic aneurysms, status post splenectomy; and peripheral vascular disease, which were severe impairments within the meaning of the regulations (Tr. 19), but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 24). The ALJ then found that Plaintiff retained the Residual Functional Capacity ("RFC")[4] perform a limited range of light work.[5] Specifically, the ALJ found that Plaintiff could

---

[3]Since Plaintiff maintained sufficient quarters of coverage to remain insured for DIB only through March 31, 2010 (Tr. 19), she bears the burden of showing that she was disabled on or before that date. See 20 C.F.R. §§ 404.101, 404.130 404.131.

[4]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

[5]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires

> [L]ift[] and/or carry[] up to [twenty] pounds occasionally, ten pounds frequently.... [S]tand and/or walk about six hours total in an eight-hour workday and sit about six hours in an eight-hour workday.... with the option to alternate between sitting, standing and walking occasionally . . . . She was limited to occasionally climbing, balancing, stooping, kneeling, crouching or crawling. She had mild limitations in attention and concentration and understanding and memory.

(Tr. 24). The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms alleged. However, he further found that Plaintiff's testimony concerning the intensity, persistence and limiting effects of her symptoms was not entirely credible, and that those symptoms would not preclude light work as described in the assessed RFC (Tr. 25). Based upon this RFC, the ALJ then found that Plaintiff could not perform her past relevant work as a teacher's aide or front desk clerk (Tr. 27).

The ALJ correctly shifted the burden to the Secretary to show the existence of other jobs in the national economy that Plaintiff could perform. In response to a hypothetical that factored in the above limitations, the Vocational Expert ("V.E.") identified light jobs (housekeeper, electronics worker, and shipping/receiving (warehouse)) that Plaintiff could perform. The V.E. also stated that 13,500 of these jobs existed in North Carolina. (Tr. 28-29). The ALJ found Plaintiff capable of performing work existing in significant numbers in the national economy, and concluded that she was not disabled during the relevant period. (Tr. 30).

On November 5, 2010, Plaintiff filed a Request for Review by the Appeals Council.

By notice dated August 1, 2012, the Appeals Council denied Plaintiff's request for

---

a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b).

further administrative review.

Plaintiff filed the present action on September 28, 2012. She assigns error to the ALJ's assessment of her RFC and her credibility, and his failure to find that her obesity is a severe impairment. See Plaintiff's "Memorandum in Support ..." 1-2, 11-20 (document #10). The parties' cross motions are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became "disabled" at any time, as that term of art is defined for Social Security purposes, before the expiration of her insured status on March 31, 2010.[6] Plaintiff first argues that the ALJ (1) failed to perform the "function-by-function" assessment required by SSR 96-8p, and (2) ignored her subjective complaints of pain in his assessment of her RFC. Document #10 at 15-17. To the contrary, the ALJ's RFC determination is adequately supported by Plaintiff's medical records, treatment history, and the opinions of the state agency reviewing physicians.

In making an RFC assessment, the ALJ is required to "first identify the individual's

---

[6]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

5

functional limitations or restrictions and assess his or her work-related abilities on a function-by- function basis . . . ." SSR 96-8p. The ALJ's RFC finding complies with SSR 96-8p in that it thoroughly addresses Plaintiff's limitations on a function-by-function basis. The ALJ describes Plaintiff's specific limitations with lifting, carrying, sitting, standing, and walking. (Tr. 24). Although the ALJ did not discuss Plaintiff's limitations with pushing and pulling, she has not argued that any such limitations exist. Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005) (where the ALJ's RFC finding accounts for limitations supported by the record that did not depend on claimant's subjective complaints, [p]reparing a function-by-function analysis for medical conditions or impairments that the ALJ found neither credible nor supported by the record is unnecessary). In any event, an ALJ's failure to articulate the required function-by-function analysis is harmless error where, as here, the ALJ's "ultimate finding is supported by substantial evidence in the record." Lusk v. Astrue, No. 11-196, 2013 WL 498797, at *4 (W.D.N.C. Feb. 11, 2013) (quoting Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000)).

The ALJ correctly concluded that "none of [Plaintiff's] examining or treating physicians have indicated that [her] impairments are of a severity to prevent[] her from perform[ing] all work activity." (Tr. 28). Moreover, the ALJ was entitled to rely on the findings of the state agency doctors, who found that Plaintiff remained capable of performing a range of light work (Tr. 574-81) and only suffered from a mild degree of mental limitation. (Tr. 560-73). The ALJ is entitled to rely on the opinions of those doctors insofar as they considered all the relevant evidence. Lusk, 2013 WL 498797, at * 4 (expert opinions of reviewing agency doctors may amount to substantial evidence where they constitute a reasonable reading of the relevant medical

evidence, citing 20 C.F.R. §§ 404.1527(c) and (e), 416.927(c) and (e)). See also Stanley v. Barnhart, 116 Fed. App'x 427, 429 (4th Cir. 2004); Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984).

Plaintiff has presented no evidence that she possessed functional limitations beyond those found by the ALJ. Where a "plaintiff has failed to present evidence that contradicts the ALJ's decision, the plaintiff's contention that the ALJ's decision should be remanded is unavailing." Lemken v. Astrue, No.07-33, 2010 WL 5057130, at *8 (W.D.N.C. Jul. 26 2010).

Plaintiff next argues that the ALJ's assessment of her credibility is not supported by substantial evidence. The determination of whether a person is disabled by non-exertional pain or other symptoms is a two-step process. "First, there must be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996), citing 20 C.F.R. § 416.929(b); and § 404.1529(b); 42 U.S.C. § 423(d)(5)(A). If there is such evidence, then the ALJ must evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects [his] ability to work." Id. at 595, citing 20 C.F.R. § 416.929(c)(1); and § 404.1529(c)(1). The regulations provide that this evaluation must take into account:

> not only the claimant's statements about his or her pain, but also "all the available evidence," including the claimant's medical history, medical signs, and laboratory findings; any objective medical evidence of pain (such as evidence of reduced joint motion, muscle spasms, deteriorating tissues, redness, etc.); and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it.

Craig, 76 F.3d at 595 (citations omitted).

The record contains evidence of Plaintiff's coronary artery disease, status post myocardial infarction in 2002; history of ruptured left renal artery, status post nephrectomy; multiple abdominal aortic aneurysms, status post splenectomy; and peripheral vascular disease – which <u>could</u> be expected to produce some of the pain claimed by Plaintiff. Accordingly, the ALJ found that Plaintiff met the first prong of the test. The ALJ then determined that Plaintiff's subjective complaints were not fully credible, as they were not consistent with the objective evidence in the record.

In evaluating Plaintiff's credibility, the ALJ explained that her subjective statements were not credible because:

> At the hearing, the claimant testified that she had a caretaker come to her house, two hours a day, five days a week, to help with the cooking and cleaning. However, she testified that she went to church and usually stayed for the whole service. She stated that she was able to lift less than four pounds; however, none of the claimant's treating or examining physicians have indicated that the claimant is unable to lift more than four pounds. The evidence shows that the claimant has a history of complaints of chest pain; however, laboratory test results have showed that the claimant does not have evidence of significant coronary artery disease. Her ejection fraction has been 55 percent or better and no significant aortic insufficiency has been found. Her blood pressure is well-controlled on her current therapy. Following the claimant's surgery in March 2010 for a Type A dissection, the claimant was ambulating without assistance and had no sign of postoperative renal failure. She was advised to avoid strenuous activity and heavy lifting indefinitely; however, she was not advised to avoid all activity or lifting. . . In addition, consideration of the totality of the factors leads to a conclusion that the objective medical evidence does not support the severity of the claimant's allegations of disabling symptoms and limitations . . .

(Tr. 27). The ALJ thoroughly considered Plaintiff's subjective statements and found them less than fully credible given their lack of support from the record. (Tr. 27). The ALJ considered Plaintiff's activities of daily living, her treatment, comments from her doctors, and her test results. (Tr. 27).

The ALJ noted that Plaintiff required surgery to repair a Type-A aortic dissection in March 2010, but that by early April 2010, her pain was well controlled, she had excellent blood pressure, and was able to ambulate without assistance. There was no evidence of post-operative renal failure, and Plaintiff was only advised to avoid strenuous activity and heavy lifting. (Tr. 27, 657). Although Plaintiff was "frail appearing" on April 20, 2010, at that same visit it was noted that she was recovering fairly well and her objective physical and mental exams yielded normal results (Tr. 668). By June 2010, Plaintiff appeared to be well developed and well nourished, and stated that she was doing fairly well. (Tr. 750-51). Plaintiff does not cite any limitations stemming from this impairment that the ALJ failed to consider. See Lemken, 2010 WL 5057130, at *8.

The ALJ was permitted to draw a negative inference from the inconsistency between Plaintiff's testimony that she could only lift four pounds and her treating physician's recommendation that she should only avoid heavy lifting and strenuous activity. See Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir. 1985) (in assessing credibility, the ALJ must sometimes make negative determinations, but should make specific reference to the evidence supporting his or her conclusions).

Finally, Plaintiff argues that the ALJ erred by failing to comply with SSR 02-1p that directs decision makers to consider the impact of obesity throughout the sequential evaluation process. Document #10 at 17-20. Plaintiff has never alleged that her weight caused any functional limitations or contributed to her alleged disability. (Tr. 35-52, 162-63).

The ALJ correctly noted that the record contains a single diagnosis of obesity on August 26, 2008. (Tr. 25, citing Tr. 275). However, the ALJ properly focused on the lack of any

evidence that obesity limited Plaintiff in any way. (Tr. 25). As the ALJ explained, "[a]lthough the claimant was diagnosed with obesity, none of the medical evidence of record shows that the claimant has obesity that has interfered with any of her other related symptoms. Her heart problems have not been found to be due to obesity." (Tr. 25). The record does not establish any functional limitations caused by obesity that were not otherwise addressed by the ALJ. Cosom v. Astrue, No. 11-294, 2012 WL 1898921, at *4 (W.D.N.C. Feb. 23, 2012) (rec. dec. aff'd May 24, 2012) (when plaintiff alleges violation of SSR 02-1p, remand is appropriate if plaintiff points to evidence in the record demonstrating functional limitations due to obesity that are not otherwise addressed by the ALJ); Barnes v. Astrue, No. 11-285, 2012 WL 5457348, at *2-4 (W.D.N.C. Oct. 16, 2010) (rec. dec. aff'd Nov. 8, 2012) (rejecting plaintiff's argument that the ALJ failed to abide by SSR 02-1p, in part, because plaintiff could not identify any evidence establishing any obesity related limitations that the ALJ failed to consider); Gann v. Astrue, No. 09-355, 2010 WL 3811942, at *11 (W.D.N.C. Sept. 1, 2010) (rec. dec. aff'd Sept. 27, 2010) (finding that, in the context of obesity and the proper application of SSR 02-1p, "[i]t cannot, therefore, be error for the ALJ to not consider an impairment that [inter alia] was not complained of to doctors or the administration."). Accordingly, the ALJ's treatment of Plaintiff's obesity is supported by substantial evidence.

Although the medical records establish that the Plaintiff experienced pain and mental and emotional difficulties to some extent, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist, 538 F.2d at 1056-57.

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to

whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles v. Shalala, 29 F.3d 918, 923 (4th Cir. 1994) (citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). This is precisely such a case, as it contains substantial evidence to support the ALJ's treatment of the record and the hearing testimony, and his ultimate determination that the Plaintiff was not disabled.

## IV.  RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #9) be **DENIED;** that Defendant's "Motion for Summary Judgment" (document #13) be **GRANTED**; and that the Commissioner's determination be **AFFIRMED.**

## V.  NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v.

11

Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Frank D. Whitney.

**SO RECOMMENDED AND ORDERED**.

Signed: July 3, 2013

David S. Cayer
United States Magistrate Judge