UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:12-cv-308-FDW-DSC

| | |
|---|---|
| SONYA T. RANKIN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CAROLYN W. COLVIN, )<br>Commissioner of Social )<br>Security Administration, )<br>)<br>Defendant. )<br>) | ORDER |

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. 9) and "Memorandum in Support . . ." (Doc. No. 10), both filed February 11, 2013; Defendant Commissioner's Motion for Summary Judgment (Doc. No. 13); and the Magistrate Judge's Memorandum and Recommendation ("M&R") (Doc. No. 15) that respectfully recommends Plaintiff's Motion be denied, Defendant's Motion be granted, and the Commissioner's decision be affirmed. After Plaintiff filed objections to the M&R (Doc. No. 16), and Defendant filed a response to Plaintiff's Objections (Doc. No. 17), this matter is now ripe for review. For the reasons set forth, the Court OVERRULES Plaintiff's objections, ACCEPTS and ADOPTS the M&R, DENIES Plaintiff's Motion for Summary Judgment, GRANTS Defendant's Motion for Summary Judgment, and AFFIRMS the Commissioner's decision.

**I. BACKGROUND**

Plaintiff does not lodge any specific objections to the procedural history section contained in the M&R. Likewise, Plaintiff does not specifically object to the ALJ findings of fact

1

regarding Plaintiff's medical history. Therefore, the portion of the M&R entitled "Procedural History" is hereby adopted and incorporated by reference as if fully set forth therein.

On August 26, 2008, Plaintiff filed an application for a period of disability and Social Security disability insurance benefits ("DIB") alleging that she was unable to work as of March 1, 2008. (Tr. 115-17). Plaintiff's application was denied initially and upon reconsideration. Plaintiff subsequently requested a hearing, which was held on July 27, 2010. (Tr. 35-52).

On September 9, 2010, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled. (Tr. 14-34). Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful activity between her alleged onset date of March 1, 2008, and March 31, 2010, the date she last met the insured status requirements of the Social Security Act. (Tr. 19). The ALJ also found that Plaintiff "suffered from the following severe impairments: [1] coronary artery disease, status post myocardial infarction in 2002; [2] history of ruptured left renal artery, status post nephrectomy; [3] multiple abdominal aortic aneurysms, status post splenectomy; and [4] peripheral vascular disease," (Tr. 19) but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 24). The ALJ then found that Plaintiff retained the Residual Functional Capacity ("RFC") to perform a limited range of light work. Specifically, the ALJ found that Plaintiff could

> [L]ift and/or carry up to [twenty] pounds occasionally, ten pounds frequently . . . . [S]tand and/or walk about six hours total in an eight-hour workday and sit about six hours in an eight-hour workday . . . . with the option to alternate between sitting, standing and walking occasionally . . . . She was limited to occasionally climbing, balancing, stooping, kneeling, crouching or crawling. She had mild limitations in attention and concentration and understanding and memory.

(Tr. 24). The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms alleged. However, he further found that Plaintiff's testimony concerning the intensity, persistence, and limiting effects of her symptoms was not entirely credible. He also found that those symptoms would not preclude light work as described in the assessed RFC (Tr. 25). Based upon this RFC, the ALJ then found that Plaintiff could not perform her past relevant work as a teacher's aide or front desk clerk (Tr. 27).

The ALJ correctly shifted the burden to the Secretary to show the existence of other jobs in the national economy that Plaintiff could perform. In response to a hypothetical that factored in the above limitations, the Vocational Expert ("V.E.") identified light jobs (housekeeper, electronics worker, and shipping/receiving (warehouse)) that Plaintiff could perform. The V.E. also stated that 13,500 of these jobs existed in North Carolina. (Tr. 28-29). The ALJ found Plaintiff capable of performing work existing in significant numbers in the national economy and concluded that she was not disabled during the relevant period. (Tr. 30).

On November 5, 2010, Plaintiff filed a Request for Review by the Appeals Council. By notice dated August 1, 2012, the Appeals Council denied Plaintiff's request for further administrative review.

Plaintiff filed the present action on September 28, 2012. The parties submitted cross-dispositive Motions for Summary judgment and the aforementioned M&R held that the ALJ correctly found that Plaintiff was not disabled, as substantial evidence existed to make that ultimate determination. Now, Plaintiff assigns error to the ALJ's assessment of her RFC and her credibility, as well as the ALJ's failure to find that her obesity is a severe impairment. See

Plaintiff's "Memorandum in Support . . ." 1-2, 11-20 (Doc. No. 10) and "Objections to Recommendations . . ." (Doc. No. 16). The parties' cross-motions are ripe for disposition.

## II. STANDARD OF REVIEW

### A. Review of the Commissioner's Determination

Pursuant to the Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), this Court's review of a final decision of the Commissioner of Social Security is limited to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971), and (2) whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g) (2006); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Rhyne v. Astrue, 3:09-CV-412-FDW-DSC, 2011 WL 1239800 at *2 (W.D.N.C. Mar. 30, 2011). Furthermore, "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." Hays, 907 F.2d at 1456; Rhyne, 2011 WL 1239800 at *2.

Substantial evidence is "more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence that a reasonable mind would accept as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); Rhyne, 2011 WL 1239800 at 2. Thus, if this Court finds that the Commissioner applied the correct legal standards and that his decision is supported by substantial evidence, the Commissioner's determination may not be capriciously overturned.

### B. Review of the Magistrate Judge's Memorandum and Recommendation

In this case, the M&R recommended that: (1) Plaintiff's Motion for Summary Judgment be denied; (2) Defendant's Motion for Summary Judgment be granted; and (3) the Commissioner's determination be affirmed. The M&R found that there was "substantial evidence to support the ALJ's treatment of the medical records, Plaintiff's RFC and his ultimate determination that Plaintiff was not disabled." (Doc. 17 at 16).

The Federal Magistrate Act states that a district court "shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). *De novo* review is not required, however, "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); see also Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). Furthermore, no review is required of those portions of the M&R which are not subject to an objection. Homesley v. Freightliner Corp., 122 F. Supp. 2d 659, 660 (W.D.N.C. 2000) (citing Thomas v. Arn, 474 U.S. 140, 149 (1985)).

Upon careful review of the record, the district court may accept, reject, or modify the findings or recommendations made by the magistrate judge. Camby, 718 F.2d at 200. Based on the foregoing, the Court has thoroughly reviewed the M&R and conducted a *de novo* review of those parts of the M&R that are subject to an objection.

### III. ANALYSIS

Plaintiff raises two objections to the M&R's findings and conclusions. The Court will review each of Plaintiff's objections in turn. Following *de novo* review, the Court finds all of Plaintiff' s objections to be without merit.

**A. RFC Determination**

Plaintiff first points to the ALJ's RFC determination, specifically, the M&R's allegedly errant conclusion that the ALJ made specific reference to why he did not adopt Dr. Madjarov's medical opinion. Plaintiff cites SSR 96-8p which provides that the "RFC assessment must always consider and address medical source opinions," and in cases where the assessment conflicts with an opinion from a medical source, the ALJ "must explain why the opinion was not adopted."

Plaintiff is correct in stating that when the medical sources conflict, the ALJ must reference the evidence supporting his or her conclusion on why the medical source was not adopted. However, Dr. Madjarov stated that " [Plaintiff] is to avoid heavy lifting and strenuous activit indefinitely . . . . She should continue to increase her activity as tolerated." (Tr. 27, 657). Her doctor did not impose a further limitation that she should also avoid light work. As the M&R has stated, "the ALJ correctly concluded that 'none of [Plaintiff's] examining or treating physicians have indicated that [her] impairments are of a severity to prevent her from performin[ing] all work activity.'" (Doc. No. 17 at 6, citing Tr. 28). Moreover, the ALJ is permitted to draw negative inference from the inconsistency between Plaintiff's testimony that she could "only lift four pounds" and her treating physician's recommendation that she should only avoid "heavy lifting" and "strenuous activity." (Doc. 17 at 9)(referencing Hammond v. Heckler, 765 F.2d 424, 426 (4th Circ. 1985)).

Notwithstanding the fact that Dr. Madjarov's opinion did not conflict with the other medical evidence because he recommended her not to perform strenuous activity while the other medical evidence pointed to her capability to perform light work, the ALJ still referenced other specific evidence supporting his conclusion. As the M&R states on page 9, the ALJ noted medical evidence that "[Plaintiff's] pain was controlled, she had excellent blood pressure, and was able to ambulate without assistance" a month after her surgery when she was only advised to avoid strenuous activity and heavy lifting.

This Court finds that substantial evidence, including Dr. Madjarov's recommendation, relevant medical evidence, and opinions, supports the ALJ's conclusion that Plaintiff was capable of performing light work. Therefore, Plaintiff's argument fails.

Plaintiff also argues that the ALJ erroneously only considered evidence from the alleged onset date of March 1, 2008, through the date last insured ("DLI"), March 31, 2010. (Doc. No. 16 at 4). Plaintiff never raised this issue in prior pleadings, instead raising it for the first time in response to the M&R. The Fourth Circuit maintains the minority view that the *de novo* determination provision requires district court judges to hear any objection regardless of whether the party raised it before a magistrate judge. United States v. George, 971 F.2d 1113, 1118 (4th Cir. 1992) ("We believe that as part of its obligation to determine de novo any issue to which proper objection is made, a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate."). In other words, while parties may not raise new claims in their objections to a M&R, the district court must consider new arguments respecting any existing claims. See Foster v. BNP Residential Props. Ltd. P'ship, No. 2:06–cv–2440–PMD–RSC, 2008 WL 512788, at 5–6 (D.S.C. Feb.25, 2008). The question

becomes whether to characterize Plaintiff's claim as a new claim or a new argument respecting an existing claim.

The Court need not resolve this problem. Even assuming that the Plaintiff has not waived her arguments for the reasons stated above, her argument is unfounded. As the M&R states, the ALJ considered evidence and subjective statements after her DLI.

> Following the claimant surgery in March 2010 for a Type A dissection, the claimant was ambulating without assistance and had no sign of postoperative renal failure. She was advised to avoid strenuous activity and heavy lifting…In addition, consideration of the totality of the factors leads to a conclusion that the objective medical evidence does not support the severity of the claimant's allegations of disabling symptoms and limitations . . . .

(Doc. 16 at 8, quoting Tr. 27). The ALJ thoroughly considered all evidence presented, including subjective statements made by the claimant post-DLI. The ALJ noted that by April 2010 (post-DLI), her pain was controlled, she had excellent blood pressure, and was able to ambulate without assistance. (Tr. 27, 657). By June 2010, Plaintiff appeared to be well developed, nourished, and doing fairly well. (Tr. 750-51). Accordingly, the ALJ's determination of Plaintiff's RFC is supported by substantial evidence.

**B. Obesity Determination**

Next, Plaintiff contends that the M&R incorrectly held that the ALJ complied with SSR-02-01p, which directs decision makers to consider the impact of obesity throughout the sequential evaluation process. (Doc. No. 16 at 2). This objection fails for two reasons.

First, the argument does not merit *de novo* review by this court. Objections to a M&R must specifically identify portions of the report and the bases for those objections. Fed. R. Civ. P. 72(b). Furthermore, "a general objection to a magistrate judge's findings is not sufficient – 'a party must object to the [magistrate's] finding or recommendation . . . with sufficient specificity

so as to reasonably alert the district court of the true ground for the objection.'" United States v. Benton, 523 F.3d 424, 428 (4th Cir.2008) (quoting United States v. Midgette, 478 F.3d 616, 621 (4th Cir.2007)). General objections include those that merely restate or reformulate arguments a party has made previously to a magistrate judge. See Jackson v. Astrue, No. 1:09–cv–467, 2011 WL 1883026 (W.D.N.C. May 17, 2011); Aldrich v. Bock, 327 F.Supp.2d 743, 747 (E.D.Mich.2004). Examining anew arguments already assessed in the M&R would waste judicial resources; parties must explain *why* the M&R is erroneous, rather than simply rehashing their prior filings and stating the report's assessment was wrong. See Albourque v. Bradshaw, No 1:11–cv–1506, 2013 WL 775080, at (N.D.Ohio Feb. 28, 2013).

In the absence of a proper objection, the court must "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See* Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 316 (4th Cir.2005) (quoting Fed. R. Civ. P. 72 advisory committee's note); see also Thomas v. Arn, 474 U.S. 140, 148–53, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

Here, Plaintiff's objection restates, almost verbatim, the argument made to the Magistrate Judge in Plaintiff's Response Memorandum [compare Doc. No. 10 at 17 with Doc. No. 16]. Plaintiff does not explain why the M&R's conclusion that the ALJ had properly considered her obesity as not being a disability was incorrect beyond merely restating the same position it maintained prior to objecting to the M&R. Having done no more than restate an argument already made, Plaintiff's objection does not merit *de novo* review. Instead, the M&R conclusion will be accepted absent clear error. The Court finds no clear error; therefore, it accepts the

Report's conclusion that the ALJ properly considered the record and the testimony, and ultimately determined the Plaintiff was not disabled.

Presuming without deciding Plaintiff is entitled to *de novo* review, the court would reach the same conclusion as the M&R. An ALJ need only "'minimally articulate' his reasoning so as to 'make a bridge' between the evidence and his conclusions." Jackson v. Astrue, 2010 WL 500449 (D.S.C. 2010). Here, the ALJ satisfied this requirement by stating that he carefully considered all of the evidence presented on Plaintiff's obesity and found she was not disabled. Accordingly, the ALJ's decision and the consideration are supported by substantial evidence.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that based on the aforementioned reasons and a thorough review of the M&R and the record in this case, the court ACCEPTS the Magistrate Judge's Memorandum and Recommendation. (Doc. No. 15). The Court DENIES Plaintiff's Motion for Summary Judgment (Doc. No. 9), GRANTS Defendant's Motion for Summary Judgment (Doc. No. 13), and AFFIRMS the Commissioner's decision.

IT IS SO ORDERED.

Signed: September 23, 2013

Frank D. Whitney
Chief United States District Judge